UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

ERIC LaVAN WILLIAMS,

        Plaintiff,          3:13-cv-01531-MC

        v.                   ORDER

MARION FEATHER, et al.,

        Defendants.

McSHANE, District Judge.

      Plaintiff, an inmate in the custody of the Federal Bureau of Prisons, filed a complaint under 42 U.S.C. § 1983 alleging violations of his civil rights arising out of defendants' alleged deliberate indifference to his medical needs. Because plaintiff is suing federal officers, his complaint is properly construed as a "Bivens" complaint. *See*, <u>Van Strum v. Lawn</u>, 940 F.2d 406, 409 (9th Cir. 1991) (analogizing § 1983 claims to actions under <u>Bivens v. Six Unknown Agents</u>, 403 U.S. 388

1 - ORDER

(1971).

Defendants[1] now move to dismiss on the grounds that plaintiff's claims are barred by the statute of limitations and that the complaint fails to state a claim. Motion to Dismiss (#21).

Plaintiff's claims arise out of a knee injury he sustained playing basketball on September 17, 2010.

In plaintiff's administrative remedy request to the BOP Central Office, dated May 24, 2012, he states that his complaint is based on the fact he was "not provided medical treatment from September 17, 2010 to April of 2011." Complaint (#1) attachment 1, p. 3.

The statute of limitations in a *Bivens* action is governed by the statute of limitations for personal injury actions in the forum state. Van Strum v. Lawn, 940 F.2d 406 (9th Cir. 1991). In Oregon, a two year statute of limitations applies for personal injury actions. O.R.S. 12.110(1).

Federal law determines when a cause of action accrues and the statute of limitations begins to run on a § 1983 claim. Wallace v. Kato, 549 U.S. at 388. A federal claim accrues when the plaintiff know or has reason to know of the injury which is the basis of the action. Morales v. City of Los

[1]

The only named defendant is FCI Sheridan Warden, Marion Feather. However, plaintiff also lists "other unknown individuals as defendants."

Angeles, 214 F.3d 1151, 1154 (9th Cir. 2000); Bagley v. CMC Real Estate Corp., 923 F.2d 758, 760 (9th Cir. 1991); see also, DeAnza Properties X, Ltd. v. County of Santa Cruz, 936 F.2d 1084, 1086 (9th Cir. 1991).

In addition, federal law controls when an action "commences" for the purposes of the statute of limitations. Sain v. City of Bend, 309 F.2d 1134 (9th Cir. 2002). Under FRCP 3, a 1983 action commences in federal district court for purposes of the statute of limitations when the complaint is filed. Id. at 1138.

Plaintiff's injury occurred on September 17, 2010. As noted above, plaintiff's tort claim notice indicated his claim was based on not being provided medical treatment from September 17, 1010 to April, 2011.

Plaintiff's complaint makes no allegations concerning events beyond April 1, 2010, when his appointment to see an orthopedic specialist was approved. Plaintiff received knee surgery on April 28, 2011.

Therefore, plaintiff's claims accrued as early as September 17, 2010, but no later than April 1, 2011. Thus, to be timely, plaintiff was required to commence this action no later than April 1, 2013. Plaintiff commenced this action when he filed the complaint on August 29, 2013, almost five months after the statute of limitations expired.

Plaintiff argues that his claim had a "start date of September 17, 2010" and that the statute of limitations was "tolled" by his filing of a "timely tort claim ... on August 28, 2010 fully 20 days prior to the 9/17/10 date." Response Brief (#26) p. 1. Plaintiff's argument in this regard is less than clear. The notice referred to is attached to plaintiff's Response Brief (#256) as Attachment 1 and indicates that it was filed on "8/28/**2012**."

In any event, the cases relied upon by plaintiff do not support the proposition that the statute of limitations is tolled by the sending of a tort claim notice. The Oregon Tort Claims Act contains no equitable tolling provision and the court was unable to locate any authority suggesting that federal courts in Oregon may apply equitable tolling *Bivens* cases. In <u>Stone v. City of County of San Francisco</u>, 735 F. Supp. 340, 343-45 (N.D. Cal. 1990) the court held that sending a tort claim notice did not toll the statute of limitations.

Defendants' Motion to dismiss (#21) on the ground that plaintiff's claims are barred by the statute of limitations is allowed. It is not necessary to address defendants' other argument.

The Clerk of the Court is directed to enter a judgment dismissing this action with prejudice.

*Any appeal from this order or judgment of dismissal would be frivolous and not taken in good faith. Therefore, plaintiff's in forma pauperis status is hereby revoked.*

IT IS SO ORDERED

DATED this 12 day of March, 2014.

_____
Michael McShane
United States District Judge

5 - ORDER